**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-22494-RAR**

**GEORGE RAYMOND**, *et al.*,

    Plaintiffs,

v.

**U.S. BANK NATIONAL ASSOCIATION**, *et al.*,

    Defendants.

_____/

**ORDER REQUIRING PAYMENT OF FILING FEE OR**
**AMENDED MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** comes before the Court upon Plaintiffs' Combined Application to Proceed

*in Forma Pauperis* Without Prepaying Fees or Costs and Request for Service of Process by the

United States Marshals Service ("IFP Motion"), [ECF No. 3], filed on April 10, 2026.

Plaintiffs, proceeding *pro se*, filed their Complaint for Damages and Injunctive Relief,

[ECF No. 1], on April 10, 2026.  The case was initially assigned to Magistrate Judge Yeney

Hernandez, [ECF No. 2].  Plaintiffs proceeded to file the instant IFP Motion, [ECF No. 3], as well

as several other Motions seeking injunctive relief and expedited consideration.  *See* [ECF Nos. 4,

6, 7, 17, 18, 21, 26].  On June 22, 2026, Plaintiffs filed a Motion to Vacate Magistrate Judge

Referral and Motion for Reassignment to Article III Judge, [ECF No. 27], which Magistrate Judge

Hernandez granted, [ECF No. 28].  Accordingly, the case was reassigned to the undersigned.  *See*

[ECF No. 29].

As a threshold matter, the Court finds that there is an insufficient basis to grant Plaintiffs'

IFP Motion.  As such, Plaintiffs must either file a sufficient IFP Motion or pay the filing fee before

the Court will examine the merits of Plaintiffs' claims and whether service by the U.S. Marshals

Service is warranted.  Further, several of Plaintiffs' other Motions are mooted by the Court's denial of Plaintiff's IFP Motion.

### I.   IFP Motion

Courts may authorize a party to proceed *in forma pauperis* in any suit so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a), *i.e.*, by submitting an affidavit "that includes a statement of all assets such [person] possesses [and showing] that the person is unable to pay" court filing fees. 28 U.S.C. § 1915(a)(1).  The Court's determination is limited to "whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (internal quotation marks omitted) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)).  Although the affidavit "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," it must show that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  *Id.* (citations omitted).

"There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious."  *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915).  The Court "has wide discretion in denying an application to proceed [*in forma pauperis*] under 28 U.S.C. § 1915.  This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly."  *Martinez*, 364 F.3d at 1306 (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1972)).  Where a court finds the "affidavit is insufficient to provide an adequate basis for an IFP determination," the court may direct the plaintiff "to file a supplemental affidavit providing additional information . . . which may assist the court in its ruling."  *Id.* at 1308.

Regarding their employment and income, Plaintiff George Raymond represents that he "is currently unemployed and has no regular salary or wages," and Plaintiff Edward Raymond represents that he "is currently employed in limited capacity and has no income sufficient to pay the filing fee without substantial hardship." IFP Mot. at 2. Further both assert that "[n]either Plaintiff has received income from pension, annuity, life insurance, disability payments, interest, dividends, rent, or other regular sources in the past twelve months sufficient to cover the $405.00 federal filing fee without substantial hardship." *Id.* Plaintiffs then assert that their primary assert— the commercial property that is the subject of this case—"is not presently available to Plaintiffs as a source of funds," and that they have "limited liquid assets—cash on hand and bank balances insufficient to pay the filing fee without hardship." *Id.* at 2-3. Finally, Plaintiffs claim that they "have monthly obligations for rent, utilities, food, transportation, and personal necessities that consume substantially all available income." *Id.* at 3.

Plaintiffs' IFP Motion is deficient. The Court is unable to evaluate Plaintiffs' IFP status without further detail about Plaintiffs' income, assets, and liabilities. Plaintiffs provide no amounts as to how much they receive in income (particularly for Edward Raymond, who indicates that he is currently employed). Nor do Plaintiffs indicate how much they have in assets, merely characterizing them as "limited." And Plaintiffs assert that their monthly obligations "consume substantially all available income" without specifying the cost of these obligations or their incomes. As such, the Court is unable to compare "the applicant[s'] assets and liabilities in order to determine whether [they have] satisfied the poverty requirement." *See Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Plaintiffs' IFP Motion also does not appear to be completely forthcoming. Plaintiffs note that "Plaintiff Edward Raymond has previously been granted leave to proceed in forma pauperis

by this Court in Case No. 25-CV-20764 (S.D. Fla.), before the Honorable Roy K. Altman." IFP Mot. at 3. Notwithstanding the fact that only Edward Raymond was a Plaintiff in that case, it appears upon the Court's review that Plaintiff Edward Raymond *did* pay the filing fee in that case and never sought to proceed *in forma pauperis*. *See Raymond v. LSM Trading USA llc, et al.*, 25-20764, ECF No. 3; *see also Shaik v. TokMedia Enters. LLC*, No. 25-CV-20985-RAR, 2025 WL 740852, at *2 (S.D. Fla. Mar. 8, 2025) (denying "materially incomplete and misleading" IFP motion as insufficient).

Ultimately, Plaintiffs have failed to file a legally sufficient IFP Motion, nor paid the filing fee for their Complaint. Although a *pro se* pleading must be construed liberally, *see Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017), a *pro se* litigant must still conform with procedural rules, *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). The Court cannot proceed with addressing this case until Plaintiffs have resolved the filing fee issue.

## II. Motions for Injunctive Relief

Finally, Plaintiffs have filed several Motions for injunctive relief that warrant denial without prejudice and with leave to refile. On April 14, 2026, Plaintiffs filed an Emergency Motion for Preliminary Injunction Enjoining Enforcement of State Court Writ of Possession Pending Resolution of Federal Action. [ECF No. 4]; *see also* [ECF No. 10] (striking emergency designation). On April 15, 2026, Plaintiffs filed a Supplemental Emergency Motion for *Ex Parte* Temporary Restraining Order. [ECF No. 7]; *see also* [ECF No. 10] (striking emergency designation). And on May 20, 2026, Plaintiffs filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Enjoin Sale or Transfer of Subject Property

Pending Adjudication of Federal Claims.  [ECF No. 18]; *see also* [ECF No. 19] (striking emergency designation).

Under Federal Rule of Civil Procedure 65 "court[s] may issue a preliminary injunction only on notice to the adverse party." *See* FED. R. CIV. P. 65(a)(1).  However, the Defendants in this case have yet to be served.  The Court therefore finds that Plaintiffs' Motions seeking a preliminary injunction, [ECF Nos. 4, 18], are wholly premature. *See, e.g., Palm Beach Cnty. Env't Coal. v. Fla.*, 587 F. Supp. 2d 1254, 1257 (S.D. Fla. 2008) ("Plaintiffs have failed to make a showing that warrants injunctive relief.  At the time of the hearing, neither [] defendant[] had been served . . . Therefore, the Court does not appear to have jurisdiction over the Federal Defendants in the instant action."); *Hussain v. Ponce*, No. CV1806579JFWRAO, 2019 WL 1055235, at *2 (C.D. Cal. Jan. 8, 2019) ("Plaintiff is not entitled to any preliminary injunctive relief at this time, as his Motion is premature . . . the defendant has not been served or appeared in this action. Accordingly, the Court does not have jurisdiction over the defendant."); *Smalls v. Stirling*, No. 9:24-CV-03966-SAL-MHC, 2024 WL 5112075, at *1 (D.S.C. Sept. 30, 2024) ("The request for a preliminary injunction should be denied because it is premature as this action has not yet been served, and Defendants have not answered or otherwise plead.").

Plaintiffs' Motion seeking an *ex parte* temporary restraining order, [ECF No. 7], must also be denied.  Under Federal Rule of Civil Procedure 65(b)(1), courts may issue temporary restraining orders without notice to the adverse party only if two prongs are met.  First, "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).  Second, the movant must "certif[y] in writing any efforts made to give notice and the reason why it should not be required." FED. R. CIV. P. 65(b)(1)(B).  "[C]ourts have

recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiffs state that "[o]n April 9, 2026, the state court verbally granted Defendant's Motion for Writ of Possession following a hearing at which the state court denied all relief requested by Plaintiffs" but "[t]he written writ order had not been signed as of the filing of this Motion." [ECF No. 4] at 4. Plaintiffs argue "that if Defendant receives notice of a pending federal TRO before it is granted, Defendant will immediately contact the state court and push to have the writ signed and the Sheriff dispatched before this Court can act." *Id*. at 5.

But Plaintiffs do not establish that they face immediate and irreparable injury such that notice need not be required. *First*, Plaintiffs acknowledge that "Defendant U.S. Bank's counsel of record—Roetzel & Andress, LPA, and specifically Paul A. Giordano, Esq.—has actual notice of this federal action through multiple independent channels." *Id*. at 6. *Second*, Plaintiffs' Motion was filed two months ago, and there is no indication that Defendants have taken the action Plaintiffs seek to enjoin. Accordingly, it does not appear that Plaintiffs face such an imminent and irreparable injury requiring the drastic remedy of Court intervention without allowing Defendants an opportunity to respond. Plaintiffs remain free to "pursue the preliminary relief [they seek] following proper notice to Defendants." *Lawrence v. Fundworks, LLC*, No. 1:25-CV-00139-JPB, 2025 WL 1421914, at *1 (N.D. Ga. Jan. 17, 2025). Accordingly, based on the foregoing, it is

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiffs' IFP Motion, [ECF No. 3], is **DENIED *without prejudice***.

2.      If Plaintiffs wish to maintain this action, they must either file a legally sufficient motion to proceed *in forma pauperis* or pay the mandatory $405.00 filing fee—which includes both the $350.00 filing fee set by Congress and an additional $55.00 administrative fee imposed

by this District—**on or before <u>July 31, 2026</u>**.  *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *see also* Court Fees, UNITED STATES DIST. CT. S. DIST. OF FLA., https://www.flsd.uscourts.gov/court-fees (last visited June 25, 2025).

3.      The Clerk's Office is **DIRECTED** to mail Plaintiffs the Court's form titled "Application to Proceed in District Court Without Prepaying Fees or Costs," which requires additional detail regarding Plaintiffs' income, assets, and liabilities.

4.      **Failure to either timely pay the filing fee or file a legally sufficient IFP Motion will result in the dismissal of the Complaint**.  *See* FED. R. CIV. P. 41(b); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989).

5.      The Clerk's Office is instructed to **administratively CLOSE** this case pending Plaintiff's compliance with this Order.

6.      Plaintiffs' Motion for Referral to the Volunteer Attorney Program, [ECF No. 21], is **DENIED** *without prejudice and with leave to refile* provided Plaintiffs file a legally sufficient IFP motion or pay the filing fee.

7.      Plaintiffs' Motion to Expedite Ruling on *in Forma Pauperis* Application and to Direct Immediate U.S. Marshals Service, [ECF No. 6]; Motion to Expedite Consideration of Application to Proceed *in Forma Pauperis* and for Immediate Direction to the United States Marshals Service to Effectuate Service of Process, [ECF No. 17]; and Motion for Clarification of Status of Pending Motions, [ECF No. 26], are **DENIED as moot.**

8.      Plaintiffs' Motion for Preliminary Injunction Enjoining Enforcement of State Court Writ of Possession Pending Resolution of Federal Action, [ECF No. 4]; Supplemental Motion for *Ex Parte* Temporary Restraining Order, [ECF No. 7]; and Motion for Temporary Restraining

Order and Preliminary Injunction to Enjoin Sale or Transfer of Subject Property Pending Adjudication of Federal Claims, [ECF No. 18], are **DENIED** *without prejudice*.

**DONE AND ORDERED** in Miami, Florida, this 25th day of June, 2026.

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

George Raymond
7110 NW 6th Court
Miami, FL 33150
307-225-9311
PRO SE

Edward Raymond
7110 NW 6th Court
Miami, FL 33150
310-564-6227
PRO SE